IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

HODGENS REALTY, LLC, d/b/a Hodgens Real )
Estate Services, an Oklahoma limited liability; )
and CRAIG HODGENS, )
               )
  Plaintiffs, )
               )
v. ) Case No. CIV-24-1222-D
               )
VAST EQUIPMENT AND TRUCK SALES; and )
RICHARD ALLAN WATSON, )
               )
  Defendants. )

## ORDER

Before the Court is Defendants' Motion to Dismiss [Doc. No. 6]. Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Defendants' motion is denied in part and granted in part.

### Background

This diversity action arises out of Plaintiff Craig Hodgens' ("Hodgens") purchase of a used John Deere bulldozer from Defendant Vast Equipment and Truck Sales ("Vast").

The purchase agreement included the following language:

- The vehicle was sold "as is, with no warranty[.]"

- The seller disclaimed all warranties "express or implied, including any implied warranty of merchantability or fitness for a particular purpose[.]"

- Hodgens was to "bear the entire expense of repairing or correcting any defects that presently exist and/or may occur[.]"

- "[A]ll prior oral statements, negotiations, communications, or representations about the products sold [were] superseded by this bill of sale[.]"

1

Plaintiffs allege that, upon receiving the bulldozer, they discovered that it was not as Defendants had represented. Specifically, Plaintiff alleges that the bulldozer (1) was a 2017 model instead of the listed 2022 model; (2) had acquired nearly twice the amount of service hours as the vehicle represented; (3) lacked both slope control and a functioning drive motor; and (4) had been used by a rental company instead of, minimally, by a local company.[1]

Hodgens spoke with representatives from Vast and attempted to arrive at a resolution. When his efforts failed, Hodgens initiated this action, alleging breach of contract, fraud, and tortious breach of contract.[2]

## Legal Standard

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint

---

[1] Moreover, Plaintiffs allege Defendants made false representations both orally and in the publication listing the bulldozer for sale.

[2] In his response, Plaintiff further states that he has a claim for the breach of defendant's duty of good faith and fair dealing, as well as a separate claim for revocation. The Court, however, will not consider any additional factual allegations raised by Plaintiff in briefing. *See In re Qwest Commc'ns Int'l, Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004) (disregarding additional factual claims asserted in briefing on a motion to dismiss, explaining that "plaintiffs may not effectively amend their Complaint by alleging new facts in their response to a motion to dismiss").

states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In assessing plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief" under the legal theory proposed. *Id.* at 681; *see Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

## Uncontested Issues

As a preliminary matter, Defendants assert multiple uncontested points. First, that Plaintiff Hodgens Realty, LLC, was not involved in the disputed transaction and therefore lacks standing. Second, that the Court should dismiss claims against Allan Watson ("Watson") because Oklahoma law protects corporate officers acting within the scope of their employment from prejudgment suit. *See* Okla. Stat. tit. 12, § 682(B). Lastly, that no special relationship existed between the parties and Plaintiffs therefore failed to allege facts giving rise to a claim for tortious breach of contract.

Plaintiffs do not contest these points. The Court, therefore, grants Defendant's motion as to each.

## Analysis[3]

I.   *Fraud*

Defendant argues Plaintiff has failed to allege facts giving rise to a cause of action for fraud and, independently, for breach of contract. The Court disagrees.

---

[3] The Court, henceforth, describes the parties using the singular "Plaintiff," to refer to Craig Hodgens ("Hodgens"), and "Defendant" to refer to Vast.

3

Where "'the facts alleged in [ ] plaintiff's [fraud] claim are precisely the same as those alleged in his contract claim,' a separate [fraud] claim will not be allowed[.]" *McGregor v. National Steak Processors, Inc.*, No. 11-CV-0570-CVE-TLW, 2012 WL 314059, at *3 (N.D. Okla. Feb 1, 2012) (alterations in original omitted) (quoting *Isler v. Tex. Oil & Gas Corp.*, 749 F.2d 22, 24 (10th Cir. 1984)). Here, however, Plaintiff alleges that, "in arriving at his ultimate decision [to purchase the bulldozer] … he relied strictly upon the assurances, statements and utterances of Defendant[.]" In relying on allegedly fraudulent representations to enter into the contract, Plaintiff's allegations are distinguishable from those asserting Defendant breached the contract.

The situation is similar to *Z.D. Howard Co. v. Cartwright*, 1975 OK 89, ¶ 13. There, the plaintiff alleged that a car salesman had falsely represented that a used automobile was new, and those representations "induced the buyers to enter into the contract for the sale[.]" *Id.* The Oklahoma Supreme Court held that, "[i]n falsely representing the car to be a new one, when in fact it was not, the seller fraud[ul]ently committed a tort, independent of [the parties'] subsequent contract and agreement." *Id.*

So too here, Plaintiff has alleged that Defendant induced Plaintiff to enter into the contract by fraudulently representing that the bulldozer was a 2022 model, and that it had been used by a local company prior to sale. Under these alleged facts, "[c]onsummation of the contract does not shield the wrong doer [*sic*] or preclude recovery of damages for the fraud." *Id.* ¶ 17.[4]

---

[4] As a counterargument, Defendant relies on *Horton v. Bank of America, N.A.*, 189 F. Supp. 3d 1286 (N.D. Okla. 2016). The Court, however, is unpersuaded. In *Horton*, the facts

II.     *Breach of Contract*

Defendant's main argument is that the purchase agreement disclaims any alleged breach of express or implied warranties. The Court addresses each type of warranty in turn.

1. Express Warranties

Express warranties are created through "[a]ny description of the goods which [are] made part of the basis of the bargain[.]" Okla Stat. tit. 12A, § 2-313(1)(b). "Words or conduct relevant to the creation of an express warranty and words or conduct tending to negate or limit warranty shall be construed wherever reasonable as consistent with each other[.]" *Id.* § 2-316(1). Such disclaimers are, however, "inoperative to the extent that such construction is unreasonable." *Id.*

Here, according to the complaint, Defendant expressly warranted that the bulldozer was a 2022 model equipped with slope control and a functioning drive motor. Any disclaimers to the contrary are not reasonably consistent with such warranties. The disclaimers are therefore inoperative.

The situation is similar to *Murray v. D & J Motor Co., Inc.*, 958 P.2d 823 (Okla. Civ. App. 1998). There, the Oklahoma Court of Civil Appeals addressed the extent to which a contract for the sale of a car could disclaim the defendant's representations. *Id.* at 827. The defendant, a car salesman, had communicated that the car at issue had been inspected by a mechanic and could provide reliable transportation. *Id.* After purchase, the car broke

---

giving rise to the alleged fraud claim were identical to those giving rise to the claim for breach of contract. *Id.* at *1288-89. Here, the alleged fraud stems from the defendant's pre-purchase conduct in the inducement of the sale—which is distinct from the alleged conduct undertaken in the performance of the contract, i.e. the selling of a nonconforming vehicle.

down and an inspection revealed that the car could not have been as the salesman stated. *Id.* In holding that the contract's disclaimers were inoperative, the appellate court reasoned as follows:

> "[A] contract is normally a contract for something describable and described. A clause generally disclaiming 'all warranties, express or implied' cannot reduce the seller's obligation with respect to such description and *therefore cannot be given literal effect under* Section 2-316.
>
> At a minimum, [the defendant's] use of 'as is' and 'with all faults' does not modify or remove the warranty of description provided in [the defendant's] oral assurances concerning the vehicle."

*Id.* at 829 (emphasis original) (citing Comment 4 to the Uniform Commercial Code § 2-313); *see also Wilkerson Motor Co., Inc. v. Johnson,* 1978 OK 12, ¶ 7 (holding comments to the UCC are "important interpretative tools" when understanding Oklahoma law). Defendant cannot disclaim those warranties established by virtue of the description of the item for which the bargain was made.

### 2. Implied Warranties

Unless "*circumstances indicate otherwise*, all implied warranties are excluded by expressions like 'as is', 'with all faults' or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty[.]" Okla. Stat. tit. 12A, § 2-316(3)(a) (emphasis added). Pertinent here, the statute does not define "circumstances [that] indicate otherwise." *Id.*

In *Murray*, the Oklahoma Court of Civil Appeals addressed this problem. It held that fraud is one such situation in which "circumstances" exist such that "as is" language cannot effectively disclaim implied warranties. *Murray*, 958 P.2d at 830. Although

nonbinding—see Okla. Stat. tit. 20, § 30.5—*Murray* provides persuasive guidance. Defendant's motion to dismiss based on the failure to state a claim for breach of contract is therefore **DENIED**.[5]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss [Doc. No. 6] is **GRANTED** in part and **DENIED** in part. The motion is **GRANTED** as to (1) the issue of Plaintiff Hodgens Realty, LLC's, standing,[6] (2) claims against Defendant Richard Watson, and (3) Plaintiff's claim for tortious breach of contract. Claims related to Defendant Allan Watson are **DISMISSED** without prejudice; Plaintiff's claim for tortious breach of contract is **DISMISSED** without prejudice. Defendant's request for dismissal of Plaintiff's claims for breach of contract and fraud is, however, **DENIED**; Plaintiff has made out separate claims for which relief can be granted.

**IT IS SO ORDERED** this 8th day of April 2025.

*[signature]*

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[5] The parties dispute the timing of when Plaintiff became aware of the alleged misrepresentations. At this stage in the litigation, the Court need not address disputes that do not bear on the pleading requirements of the complaint, namely, to "'give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.* (quoting *Twombly*, 550 U.S. at 555).

[6] The caption of this case shall hereafter omit Hodgens Realty, LLC, as a party.